**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MANHATTAN CONSTRUCTION COMPANY, ) <br> and CANTERA CONCRETE COMPANY, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v.  ) <br>  ) <br> DEGUSSA CORPORATION; ) <br> DEGUSSA ADMIXTURES, INC. f/k/a ) <br> MASTER BUILDERS, INC.; and ) <br> DEGUSSA BUILDING SYSTEMS, INC., ) <br>  ) <br> Defendants. ) | Case No. CIV-06-611-M |

**ORDER**

Before the Court is "Defendants' Motion to Dismiss Plaintiffs' Complaint, to Strike Claims, and to Require a More Definite Statement" [docket no. 15], filed July 12, 2006. On July 31, 2006, Plaintiffs filed their response, and on August 23, 2006, Defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.[1]

I.   INTRODUCTION

Plaintiff Manhattan Construction Company was hired as a general contractor to construct a parking garage. Manhattaon Construction Company in turn hired subcontractor Cantera Concrete Company. Manhattan Construction Company and Cantera Concrete Company ("Plaintiffs") purchased and used products (Rheocrete 222 Plus and Emaco R310), manufactured and sold by one or more of Defendants, in the construction of the parking garage. Emaco R310 was used as a patching material in the project, and Plaintiffs allege that Rheocrete 222 Plus, with which the

---

[1] Plaintiffs attached several pages of the deposition of Robert J. Gulyas to their response. However, the Court, in its discretion, excludes from its analysis of the instant motion all matters presented which are outside the pleadings.

concrete surfaces had been impregnated, acted as a bond breaker making it difficult for patching materials to adhere.

On March 15, 2006, Plaintiffs filed the instant action in the District Court of Oklahoma County, State of Oklahoma alleging two causes of action: (1) false representation/nondisclosure, and (2) breach of warranty.  On June 6, 2006, Defendants removed this action to this Court.  Defendants now move the Court to dismiss the false representation/nondisclosure claim in its entirety and for a more definite statement of the breach of warranty claim.  Defendants also move the Court to strike Plaintiffs' claim for punitive damages because it is premised on the false representation/nondisclosure claim.

## II.   DISCUSSION

### A.   Motion to Dismiss

Federal Rule of Civil Procedure 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b).

The Tenth Circuit has interpreted Rule 9(b) to require that a complaint alleging fraud must "'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991), *cert. denied*, 531 U.S. 926 (2000)).  "Rule 9(b)'s purpose is to afford defendant[s] fair notice of Plaintiff[s'] claims and the factual ground upon which [they] are based . . . ." *Koch*, 203 F.3d at 1236 (internal quotations and citation omitted).  Finally, "Rule 9(b) does not require

particularity to the degree so as to supplant general discovery methods." *Graphic Techs., Inc. v. Pitney Bowes Inc.*, 998 F. Supp. 1174, 1178 (D. Kan. 1998); *see In re Bunker Exploration Co.*, 42 B.R. 297, 301 (Bankr. W.D. Okla. 1984) ("[T]he primary burden of information exchange and issue delineation is to be borne through the utilization of the discovery process.").

Defendants assert that Plaintiffs' false representation/nondisclosure claim fails to adequately identify any statement made by any Defendant "that was misleading and that was made to either of the plaintiffs or relied upon by them." Having carefully reviewed Plaintiffs' Petition, the Court finds that, as to the Emaco R310 product, Plaintiffs have met the particularity requirement of Rule 9(b). Specifically, the Court finds that Plaintiffs have sufficiently alleged (1) when and where the misrepresentations were made, (2) the contents of the misrepresentations that were made, and (3) the identity of the persons who made the misrepresentations. As such, the Court finds that Defendants' motion to dismiss Plaintiffs' false representation/nondisclosure claim as to the Emaco R310 product should be denied.

As to the Rheocrete 222 Plus product, the Court finds that Plaintiffs have failed to meet the particularity requirement of Rule 9(b). Specifically, Plaintiffs have not alleged the time the alleged misrepresentations were made. Plaintiffs have also failed to allege the place at which any misrepresentations were made. Accordingly, the Court finds that Defendants' motion to dismiss Plaintiffs' false representation/nondisclosure claim as to the Rheocrete 222 Plus product should be granted.

Defendants also assert that Plaintiffs' false representation/nondisclosure claim should be dismissed because it fails to ascribe specific misrepresentations to particular individual defendants, but rather Plaintiffs' allegations are attributed to all Defendants generally. Plaintiffs contend that

"the Complaint can be fairly read to allege the defendants are affiliated corporations, one or more of which manufactured, marketed and sold the products described in the Complaint." Plaintiffs' Response at 4. Plaintiffs further contend that "a lack of clarity as to which companies, among affiliated conspiring companies, are responsible is not the proper subject of a motion to dismiss" and that discovery will illuminate the issue. Plaintiffs' Response at 5. "The rule regarding the pleading of fraud does not require absolute particularity or a recital of the evidence, especially when some matters are beyond the knowledge of the pleader and can only be developed through discovery." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1298 (2004). Having reviewed the Petition, the Court finds that "group" pleading is permissible in this case because the Petition reasonably alleges that Defendants are affiliated corporations and that specific facts regarding the corporate relationship between Defendants is exclusively within their knowledge.

  B. Motion to Strike

It appears that Plaintiffs' punitive damages claim is premised on their false representation/nondisclosure claim, and the Court has found that their false representation/nondisclosure claim should not be dismissed to the extent it pertains to the Emaco R310 product. Accordingly, the Court finds that Plaintiffs' punitive damages claim should not be dismissed.

  C. Motion for a More Definite Statement

Pursuant to Federal Rule of Civil Procedure 12(e), Defendants move the Court to order Plaintiffs to plead a more definite statement. Defendants contend that Plaintiffs' allegations that they breached express and/or implied warranties of merchantability and of fitness for a particular purpose are puzzling and that "Defendants cannot reasonably determine the actual nature of the

alleged warranty cause of action."

Rule 12(e) provides, in pertinent part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). "Such motions are disfavored in light of the liberal discovery provided under the federal rules and are granted only when a party is unable to determine the issues requiring a response" and "should not be granted merely because the pleading lacks detail; rather the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155-56 (D. Kan. 2004); *see In re Bunker Exploration Co.*, 42 B.R. 297, 301 (Bankr. W.D. Okla. 1984)("The rule pertaining to a more definite statement is designed to strike at unintelligibility in a pleading, not just a claimed lack of detail.").

Additionally, Plaintiffs' breach of warranty claims are not subject to the heightened pleading requirements of Rule 9(b). Instead, they are only subject to the general pleading requirements of Rule 8, which provides in relevant part that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

Having carefully reviewed Plaintiffs' breach of warranty claims, the Court finds Plaintiffs' allegations are sufficient to enable Defendants to respond in the form of a denial or an admission. The Court also finds that the matters on which Defendants seek clarification are more properly the subject of discovery. Accordingly, the Court finds Defendants motion for a more definite statement should be denied.

III.     CONCLUSION

For the reasons set forth in detail above, "Defendants' Motion to Dismiss Plaintiffs' Complaint, to Strike Claims, and to Require a More Definite Statement" [docket no. 15] is hereby GRANTED IN PART and DENIED IN PART as follows:

(1) The Court GRANTS Defendants' motion and DISMISSES Plaintiffs' false representation/nondisclosure claim regarding the Rheocrete 222 Plus product. Plaintiff is given until April 3, 2007, to file an amended complaint to allege the claim with sufficient particularity;

(2) The Court DENIES Defendants' motion to the extent it seeks to dismiss Plaintiffs' false representation/nondisclosure claim regarding the Emaco R310 product and Plaintiffs' claim for punitive damages; and

(3) The Court DENIES Defendants' motion to the extent that it seeks a more definite statement of Plaintiffs' breach of warranty claim.

**IT IS SO ORDERED this 29th day of March, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE