**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MANHATTAN CONSTRUCTION | ) | |
| COMPANY and CANTERA CONCRETE | ) | |
| COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-611-M |
| | ) | |
| DEGUSSA CORPORATION; | ) | |
| BASF CONSTRUCTION CHEMICALS, | ) | |
| LLC f/k/a DEGUSSA ADMIXTURES, INC. | ) | |
| f/k/a MASTER BUILDERS, INC. and also | ) | |
| f/k/a DEGUSSA BUILDING SYSTEMS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendants' Motion for Summary Judgment [docket no. 51], filed July 8, 2008.  On July 28, 2008, plaintiffs filed their response, and on August 8, 2008, defendants filed their reply.  Furthermore, on August 18, 2008, plaintiffs filed their surreply.  Based upon the parties' submissions, the Court makes its determination.

I.    INTRODUCTION

This action, seeking to recover damages under theories of breach of warranty, misrepresentation and deceit, commenced in the District Court of Oklahoma County and was later removed to this Court.  Plaintiffs purchased and used two products (Rheocrete 222 Plus and Emaco R310), manufactured and sold by one or more defendants, which resulted in damages during the construction of a parking garage.  Defendants now move for summary judgment on the grounds that there are no triable issues of material fact, and, thus, defendants are entitled to judgment as a matter of law.

II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    DISCUSSION

A.      Constructive Fraud

Plaintiffs assert that defendants knew and failed to disclose material information concerning their knowledge of problems with Emaco R310 patches not adhering to concrete containing Rheocrete 222 Plus.  Specifically, plaintiffs allege that the products contain a bond-breaker with topping materials and/or was hydrophobic to a degree that prevented a "saturated surface dry condition" necessary for application of repair mortars.  Allegedly, unbeknownst to plaintiffs, but

well known to defendants, Rheocrete 222 Plus contains an organic oil although the Emaco R310

product data sheet specifies that any areas of the substrate which are saturated in oil must be

removed before applying an Emaco R310 patch.

Plaintiffs further assert that defendants sent their top in-house chemist, Bob Gulyas, to the

parking garage to determine the cause of the failure of the patches.  Plaintiffs allege that Mr. Gulyas

arrived at the garage site and informed everyone on site that he knew the reason for the de-bonding.

Mr. Guylas stated it was due to an inadequate surface preparation which caused microcracking.

Plaintiffs later discovered, however, that Mr. Gulyas was not, in fact, a chemist and believe that his

true mission was to divert attention away from defendants' products as the cause of the failure.

Furthermore, plaintiffs contend that defendants failed to speak the whole truth when directly asked

whether defendants' products contained a bond-breaker and, despite their knowledge to the contrary,

defendants stated they did not.

For their part, defendants assert that plaintiffs confirmed in 2003 through their own expert

that Rheocrete 222 Plus did not act as a bond-breaker against the Emaco R310 repair mortar.  In fact,

defendants allege that plaintiffs' own independent expert confirmed that the Emaco R310 would

bond to concrete containing Rheocrete 222 Plus.  It is contended, therefore, that plaintiffs' actual

knowledge obviates any reliance by plaintiffs upon any representations by defendants and negates

any alleged constructive fraud or deceit.

Constructive fraud is defined by Oklahoma statute as follows:

> 1. In any breach of duty which, without an actually fraudulent intent,
> gains an advantage to the person in fault, or any one claiming under
> him, by misleading another to his prejudice, or to the prejudice of any
> one claiming under him; or,

2. In any such act or omission as the law specifically declares to be fraudulent, without respect to actual fraud.

Okla. Stat. tit. 15, § 59.  Furthermore, "constructive fraud does not require intent to deceive. Liability for constructive fraud may be based on a negligent misrepresentation.  Even an Innocent misrepresentation may constitute constructive fraud where there is an underlying right to be correctly informed of the facts."  *Faulkenberry v. Kansas City S. Ry. Co.*, 602 P.2d 203, 206 n.6 (Okla. 1979) (internal citation omitted).

Having reviewed the parties' submissions and viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds a genuine issue of material fact as to whether defendants committed constructive fraud.  Specifically, it appears that defendants may have failed to disclose material information concerning whether their products contain bond-breakers which would affect the ability of Emaco R310 to bond to the surface of the parking garage.  It also appears that defendants may have misrepresented Mr. Gulyas' status as an experienced chemist and then used his credentialing to misdirect plaintiffs as to the failure of the surface preparation.  Accordingly, the Court rejects this ground as a basis for summary judgment.        In addition, defendants assert that a two-year statute of limitations period applies to constructive fraud claims, and plaintiffs were sufficiently on notice of their potential claim by mid-2003, more than two years before they filed their instant claim.  On July 3, 2003, defendants allegedly disclosed internal test results to plaintiffs concerning the bonding potential between Rheocrete 222 Plus and Emaco R310.  Furthermore, on August 1, 2003, plaintiffs' independent examiners allegedly confirmed that Emaco R310 would bond to concrete containing Rheocrete 222 Plus.  It is contended, therefore, that it remained incumbent upon plaintiffs to bring this lawsuit by at least mid-2005 instead of waiting until 2006.

Plaintiffs assert that they legitimately tried in the summer of 2003 to find out why the patches would not adhere to the substrate. Allegedly, plaintiffs called in experts but were denied proprietary information until 2005 when a subpoena was issued to defendants in the underlying litigation.

Under Oklahoma law, the statute of limitations for a fraud claim (misrepresentation and deceit) is governed by Okla. Stat. tit. 12, § 95(3): "within (2) years: ... an action for relief on the ground of fraud--the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud". Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds a genuine issue of material fact as to when plaintiffs were sufficiently placed on notice of their potential constructive fraud claim. Accordingly, the Court denies this ground for summary judgment.

B.      Deceit

In Title 76 of the Oklahoma statutes, the legislature mandated that "[o]ne who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Okla. Stat. tit. 76, § 2. A deceit within the meaning of Section 2 includes the "suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact". Okla. Stat. tit. 76, § 3(3).

In the instant case, defendants assert that a claim for deceit does not lie because: (1) the air entrainment properties of Rheocrete 222 Plus were accurately represented to plaintiffs; (2) plaintiffs' preparation techniques contributed to the patch failures of the garage project; and (3) the Emaco

R310 product sheet did not mislead plaintiffs.  In response, plaintiffs assert the studies which

defendants cite to support the accurate representation of air entrainment properties of Rheocrete 222

Plus were conducted with different air entrainment mixtures and using conditions vastly different

from those that existed at the job site.  Furthermore, plaintiffs allege that defendants' own employee

and their  wholesale distributor agree with plaintiffs that defendants' products were the reason for

the patch failures on the garage project.  Plaintiffs also contend that the Emaco R310 product data

sheet specifically states that any areas of the substrate which are saturated in oil must be removed

before applying an Emaco R310 patch, and this contributed to the deceit.  In addition, plaintiffs

argue that defendants' failure to disclose material information creates a jury question on a claim for

deceit.  As noted above, plaintiffs allege that defendants, when directly asked, did not share that their

products contained a bond-breaker.  Furthermore, plaintiffs contend that defendants' alleged

chemist, Mr. Gulyas, misrepresented his credentials and led plaintiffs to believe that their difficulties

resulted from the lack of proper surface preparation when defendants knew the two products were

incompatible.

Having reviewed the parties' submissions, and viewing them in the light most favorable to

plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds a genuine issue

of material fact concerning whether a cause of action lies for deceit.  Specifically, the Court finds

that the above-mentioned reasons offered by plaintiffs should be considered by a jury in determining

whether plaintiffs have a claim for deceit.  Accordingly, the Court finds that it would be

inappropriate to grant summary judgment as to the reasons proffered by defendants.

    C.    Breach of Warranty

Plaintiffs assert claims concerning defendants' breach of express and implied warranties. According to defendants, both theories fail. Pursuant to Oklahoma statute, an express warranty is created through "affirmation of fact or promise...which relates to the goods and becomes part of the basis of the bargain" or by "[a]ny description of goods" or "[a]ny sample or model which is made part of the basis of the bargain". Okla. Stat. tit. 12A, § 2-313(1)(a)-(c).

Defendants contend that the product data sheets of Rheocrete 222 Plus and Emaco R310 present the sole express warranties. Furthermore, defendants allege that no affirmations or promises were made that concrete containing Rheocrete 222 Plus would be compatible with any other product including Emaco R310. In fact, defendants state that their own testing confirmed that Rheocrete 222 Plus is not a bond-breaker and is, in fact, compatible with Emaco R310. Furthermore, defendants allege that plaintiffs were aware of the air entraining tolerance of Rheocrete 222 Plus as it was stated at a meeting that more air entraining additive than normal would be needed on given projects.

The "[e]xact or technical specifications displace an inconsistent sample or model or general language of description." Okla. Stat. tit. 12A, § 2-317(a). In this case, plaintiffs do not dispute that the product data sheets of both the Rheocrete 222 Plus and Emaco R310 contain express warranties covering these products. However, plaintiffs contend that defendants' employees expressly warranted that the Rheocrete 222 Plus and Emaco R310 products were compatible and could be utilized together.

Having reviewed the parties' submissions, and viewing them in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds a genuine issue of material fact concerning whether an express warranty was made to plaintiffs concerning the

compatibility of Rheocrete 222 Plus and Emaco R310.  Specifically, plaintiffs have presented

evidence that Monte Naylor, a salesperson, provided information about the compatibility of the

products.  Accordingly, the Court rejects this ground for summary judgment.

Plaintiffs also assert that defendants implicitly warranted that Rheocrete 222 Plus and Emaco

R310 would be specifically fit for use on the garage project.  Defendants allege that this warranty

does not apply when the buyer's particular use was the same as the general use to which the products

are usually put.  Defendants contend that Rheocrete 222 Plus can only be used as a corrosion

inhibitor, whether on a parking garage, bridge, or any other structure.  Furthermore, defendants

allege that Emaco R310 could only be used as a repair mortar for concrete surfaces.  As defendants

state, therefore, Rheocrete 222 Plus and Emaco R310 each could only be used for one purpose, and

that is their ordinary purposes.

Plaintiffs allege that defendants were aware of the purpose for which the products were to

be used, as defendants' representatives were responsible for getting the engineering firm working

on the garage project to specify use of these products.  "Where the seller at the time of contracting

has reason to know of any particular purpose for which the goods are required and that the buyer is

relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded

or modified under the next section an implied warranty that the goods shall be fit for such purpose."

*Crysco Oilfield Serv., Inc. v. Hutchinson-Hayes Int'l, Inc.*, 913 F.2d 850, 852 (10th Cir. 1990).

Having reviewed the parties' submissions, and viewing them in the light most favorable to

plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds a genuine issue

of material fact concerning whether defendants breached the implied warranty of fitness for a

particular purpose. While the warranty of fitness for a particular purpose applies to products being

used for something other than their ordinary purpose, it appears that defendants knew and encouraged use of Rheocrete 222 Plus and Emaco R310 for the specific purpose in which these products were utilized. The Court finds that it is reasonable to infer that based on the flawed results, and other evidence, the products were not used for the ordinary purpose for which they were designed. In addition, defendants themselves assert that "plaintiffs resorted to the use of 'hybrid' overlays consisting of concrete mix, instead of a PMC mortar, to repair the 'birdbaths' created by the faulty construction" of the garage project. Defendant's Motion for Summary Judgment, at 3. The Court finds this is further evidence that the two products may have been used for something other than the ordinary purposes. Furthermore, the Court finds that plaintiffs presented competent evidence of defendants' representations concerning the utilization of the products together. Therefore, the jury as the finder of fact should be tasked with deciding whether defendants breached the implied warranty of fitness for a particular purpose. Accordingly, the Court rejects this ground for summary judgment.

Furthermore, plaintiffs assert that Rheocrete 222 Plus and Emaco R310 were warranted to be merchantable and acceptable for use in concrete construction projects. The implied warranty of merchantability requires that goods must pass without inspection in the trade under the contract description and conform to the promises or affirmations of fact made on the container or label. Okla. Stat. tit. 12A, § 2-314(2)(a), (f). Defendants allege that Rheocrete 222 Plus and Emaco R310 were both sold with product data sheets that contained the technical specifications for the products. Defendants further allege that both products performed exactly according to their individual product data sheets, and plaintiffs' only evidence that anything was wrong with either product is the poor results they obtained.

In addition to the implied warranties cited above, merchantable goods must also be fit for the ordinary purposes for which such goods are used. Okla. Stat. tit. 12A, § 2-314(2)(c). Having reviewed the parties' submissions, and viewing them in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds a genuine issue of material fact concerning whether Rheocrete 222 Plus and Emaco R310 inherently failed to operate for their ordinary purpose. The Court finds that plaintiffs have presented ample evidence regarding the suggested use of the two products together and the products incompatibility. Accordingly, the Court denies this ground for summary judgment.

Finally, defendants assert that the Emaco R310 product data sheet effectively disclaimed express and implied warranties, including merchantability and fitness for a particular purpose. However, a limitation will not be enforced if it fails of its essential purpose or is found to be unconscionable. *Anderson v. Dow Agrosciences LLC*, 262 F. Supp. 2d 1280, 1291 (W.D. Okla. 2003) referencing Okla. Stat. tit. 12A, § 2-719(3); *Collins Radio Co. Of Dallas, Tex. v. Bell*, 623 P.2d 1039, 1051 (Okla. Civ. App. 1980).

Plaintiffs assert that the supposed limited warranty notice concerning the Emaco R310 product is inconspicuously placed on the very bottom of the fourth and final page of the product data sheet in font so small that it is difficult to read. In order to exclude or modify any implied warranty of fitness, Oklahoma statute requires that "the exclusion must be by a writing and conspicuous." Okla. Stat. tit. 12A, § 2-316. Conspicuous is defined as a term or clause "that a reasonable person against whom it is to operate ought to have noticed it." Okla. Stat. tit. 12A, §1-201(10). Furthermore, "[w]hether a term or clause is 'conspicuous' or not is for decision by the court." *Id*.

Having reviewed the parties' submissions, and viewing them in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds a genuine issue of material fact concerning whether the Emaco R310 product data sheet effectively disclaimed and/or applied a limited warranty in this case. Specifically, the Court finds that plaintiffs have submitted evidence concerning the conspicuousness of the purported disclaimer and/or limited warranty. Pursuant to the Oklahoma statute set forth above, the Court has no choice other than to allow the jury to decide the issue of conspicuousness. Accordingly, the Court denies the motion for summary judgment as to the disclaimer and/or limited warranty.

IV.     CONCLUSION

For the reasons set forth above, the Court DENIES defendants' Motion for Summary Judgment.

**IT IS SO ORDERED this 26th day of August, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE